IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GAYLEN DEAN RUST,<br><br>    Defendant. | Case No. 2:19-CR-00164-TS<br><br>**ORDER OF FORFEITURE**<br><br>Senior Judge Ted Stewart |

  The defendant has pleaded guilty. Having examined his factual admissions in support of the plea, Dkt. No. 134, and on the government's Motion for Order of Forfeiture, and good cause appearing, the court makes the following findings:

  1. As a result of a plea of guilty to Wire Fraud Conspiracy (Count 1) in violation of 18 U.S.C. § 1349, and Securities Fraud (Count 4) in violation of 15 U.S.C. §§ 78j(b) of the Indictment, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

  2. As a result of a plea of guilty to Money Laundering Conspiracy (Count 2) in violation of 18 U.S.C. § 1956(h) of the Indictment, under 18 U.S.C. § 982(a)(1) the defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

  3. Based on the Indictment (Dkt No. 1) and the defendant's Statement in Advance of Guilty Plea and Plea Agreement (Dkt No. 134), the court finds that the amount of property involved in or obtained was $153,073,328.32 from the defendant's offenses.  The court further

finds these funds are unavailable for forfeiture for one or more of the reasons specified in 21 U.S.C. § 853(p).

4.  In accordance with Fed. R. Crim. P. 32.2(b)(1)(A); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1), the court imposes a MONEY JUDGMENT against the defendant in amount of $153,073,328.32 related to his offenses.

5.  Upon entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the United States may conduct any discovery necessary to identifying, locating, or disposing of any property of the defendant's that could be used to satisfy the judgments.

6.  Under Fed. R. Crim. P. 32.2(c)(1), no ancillary proceeding is required because this order only imposes a money judgment.

7.  Under Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

8.  To satisfy the money judgments in whole or in part, the United States may move at any time pursuant to Rule 32.2(e) to amend this order of forfeiture to forfeit substitute property having a value not to exceed $153,073,328.32.

9.  The Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2022.

TED STEWART, Senior Judge
United States District Court